

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,880-02

### EX PARTE DENNIS JACOB CASTILLO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W-28189-B-2 IN THE 181ST DISTRICT COURT FROM RANDALL COUNTY

*Per curiam.*

### O R D E R

Applicant pleaded guilty to aggravated assault and was sentenced to twenty years' imprisonment. He did not appeal his conviction. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel failed to file a notice of appeal and explain that if Applicant went to trial, he could request a lesser-included offense instruction on deadly conduct. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013); *Garza v. Idaho*, 139 S. Ct. 738 (2019). Trial counsel responded to Applicant's claims in a sworn affidavit, but the trial court made

no findings of fact and conclusions of law.

The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court may order trial counsel to file a second response to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact as to whether counsel's affidavit is credible and Applicant would have filed a notice of appeal but for counsel's alleged deficient conduct. The trial court shall then determine whether counsel's conduct was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 29, 2020
Do not publish